UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MARIA L. GONZALEZ,<br><br>　　　　Defendant. | Case No.: 1:11-cv-01369 LJO JLT<br><br>FINDINGS AND RECOMMENDATION TO DISMISS THE ACTION FOR FAILURE TO PAY FILING FEES PURSUANT TO 28 U.S.C. § 1914(a) AND FAILURE TO OBEY THE COURT'S ORDER |

On August 17, 2011, defendant Maria Gonzalez ("Defendant") initiated removal of this action from Kern County Superior Court by filing a Notice of Removal. (Doc. 1). Because the Court found Defendant failed to demonstrate that she is unable to pay the court costs due to poverty, Defendant's motion to proceed *in forma pauperis* was denied. (Doc. 3 at 2). Defendant was ordered to pay the filing fee within thirty days of service, or by September 22, 2011. *Id*. However, Defendant has failed to pay the requisite filing fee.

**I. Failure to pay the filing Fee**

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C § 1915(a). *See Andrews v. Cervantes*, 492 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez*

*v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  As noted above, Defendant did not prepay the filing fee, and the action may not proceed.

## II.   Failure to obey the Court's Order

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The risk of prejudice also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.  Finally, the Court's warning that the matter could not continue

without the payment of fees satisfies the requirement that the Court consider less drastic measures.  *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.

### III.  Findings and Recommendation

Defendant has failed to file the requisite filing fee pursuant to 28 U.S.C. § 1914(a), and as a result, the matter cannot proceed before the Court at this time.  Further, Defendant failed to obey the Court's Order dated August 19, 2011 (Doc. 3).

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. This action be **DISMISSED WITHOUT PREJUDICE** for Defendant's failure to pay the filing fee and obey the Court's order; and

2. The Clerk of Court be DIRECTED to close this action, because this order terminates the action in its entirety.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these Findings and Recommendations, Defendant may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Defendant is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 15, 2011**                    /s/ Jennifer L. Thurston
                                                                  UNITED STATES MAGISTRATE JUDGE