UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARIA L. GONZALEZ,<br><br>　　　　　Defendant. | Case No.: 1:11-cv-01369 LJO JLT<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATION IN PART<br><br>(Doc. 5)<br><br>ORDER REMANDING THE ACTION FOR FAILURE TO PAY FILING FEES PURSUANT TO 28 U.S.C. § 1914(a) AND FAILURE TO OBEY THE COURT'S ORDER |

Defendant Maria Gonzalez ("Defendant") seeks removal of this action from Kern County Superior Court. (Doc. 1). Because the Court found Defendant failed to demonstrate that she is unable to pay the court costs due to poverty, Defendant's motion to proceed *in forma pauperis* was denied. (Doc. 3 at 2). Defendant was ordered to pay the filing fee within thirty days of service, or by September 22, 2011. Id. However, Defendant failed to pay the requisite filing fee.

**I.　Findings of the Magistrate Judge**

The Magistrate Judge noted that a party instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. (Doc. 5 at 1) (citing 28 U.S.C § 1914(a)). As a result, an action may proceed without payment of the filing fee only if the party is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C § 1915(a). See Andrews v. Cervantes, 492 F.3d 1047, 1051 (9th Cir. 2007); Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

1  Because Defendant did not prepay the filing fee, the Magistrate Judge concluded the action may
2  not proceed.  (Doc. 5 at 2).
3        In addition, the Magistrate Judge observed that the Local Rules, corresponding with Fed.
4  R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court
5  may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent
6  power of the Court."  (Doc. 5 at 2) (quoting LR 110).  The Court must consider several factors to
7  determine whether to impose sanctions or dismiss an action, including: "(1) the public's interest
8  in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
9  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
10 and (5) the availability of less drastic sanctions."  Henderson v. Duncan, 779 F.2d 1421, 1424
11 (9th Cir. 1986); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992); Thompson
12 v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). The Magistrate Judge
13 concluded these factors weighed in favor of sanctions.  (Doc. 5 at 3).

14 **III.  Conclusion and Order**

15       In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and Britt v. Simi Valley
16 United School Dist., 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a *de novo*
17 review of the case.  Having carefully reviewed the entire file, the Court finds that the findings
18 and recommendation are supported by the record and by proper analysis, and the matter cannot
19 continue without payment of the filing fee.  However because *Defendant* failed to pay the filing
20 fee, the action will not be dismissed, but rather remanded to the Kern County Superior Court.
21       Accordingly, **IT IS HEREBY ORDERED** that the Findings and Recommendations filed
22 November 15, 2011, are **ADOPTED IN PART** as follows:
23       1.    The matter is **REMANDED** to the Kern County Superior Court; and
24       2.    The Clerk of Court **IS DIRECTED** to take necessary action to remand this action to
25             the Kern County Superior Court and to close this action.
26
27 IT IS SO ORDERED.
28 **Dated:   November 30, 2011                    /s/ Lawrence J. O'Neill**

1 UNITED STATES DISTRICT JUDGE